Mohinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71363.
Agency No. A76–679–971.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Randhir S. Kang, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal, San Francisco, CA, Earle B. Wilson, Efthimia S. Pilitsis, Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Mohinder Singh, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of asylum, withholding removal, and denying protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and we deny the petition for review.

We review the BIA's denial of asylum for substantial evidence, and reverse only if the evidence was such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution exist-

ed. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ The BIA, assuming arguendo that Singh testified credibly and established past persecution on account of his political, economic and religious affiliations with the Sikhs, concluded that the government had rebutted the presumption of a well founded fear of prosecution through the introduction of the Department of State Profile of Asylum Claims for India for 1997, and the Department of Country Report for India for 1999. Portions of these documents specifically addressed the conditions in the Punjab, where Singh lived. The documents indicated that the conditions in the Punjab have changed significantly, that the pattern of disappearances prevalent in the 1990's appears to be at an end, and that the government is working to hold accountable those public officials who engaged in extrajudicial killings and other forms of abuse against Sikhs in the early 1990's.

In light of the specific information set forth in the country profiles admitted into evidence in this case, Singh has failed to present such evidence as might compel a reasonable person to find him eligible for asylum. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (country reports that address the particular conditions raised by a petitioner may provide substantial evidence for a BIA determination that a petitioner is ineligible for political asylum).

■ It follows that Singh he does not qualify for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Singh has also failed to show that he is more like than not to be tor-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tured. *See Kamalthas v. I.N.S.*, 251 F.3d 1279 (9th Cir.2001).

PETITION FOR REVIEW DENIED